UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN


ROBERT WAYNE KOETJE,

     Plaintiff,

                                    Hon. Sally J. Berens

v.

                                    Case No. 1:18-cv-750

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/


## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it was not supported by substantial evidence.

For the following reasons, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision will be **affirmed**.


## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards in making a decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on October 13, 2014, alleging that he had been disabled since May 3, 2013. (PageID.270–71.) Plaintiff was 30 years old at the time of the alleged

onset date. (PageID.359.) Plaintiff had previous employment as a roofer/framer, hunting guide, and maintenance worker. (PageID.114.) Plaintiff's application was denied (PageID.206–209), after which time he requested a hearing before an Administrative Law Judge (ALJ) (PageID.211).

On March 22, 2017, ALJ Virginia Herring conducted a video hearing and received testimony from Plaintiff and Kelly A. Stroker, an impartial vocational expert. (PageID.75–122.) On August 25, 2017, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled within the meaning of the Act. (PageID.55–65.) The Appeals Council denied Plaintiff's request for review on May 3, 2018, rendering the ALJ's decision the Commissioner's final decision in the matter. (PageID.41–43.) Plaintiff initiated this civil action for judicial review on July 6, 2018.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

nonexertional impairment as well as an exertional impairment, both are considered in determining

her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and

she can satisfy her burden by demonstrating that her impairments are so severe that she is unable

to perform her previous work, and cannot, considering her age, education, and work experience,

perform any other substantial gainful employment existing in significant numbers in the national

economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts

to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of

proof through step four of the procedure, the point at which her residual functioning capacity

(RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of

Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point

claimant bears the burden of proof).

Initially, the ALJ noted that Plaintiff's previous application for DIB was denied on May 2,

2013. (PageID.55.) Citing *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir.

1997), and Acquiescence Ruling 98-4(6), the ALJ observed that she was bound by the ALJ's

findings in the prior decision unless there was new and material evidence relating to Plaintiff's

condition. (PageID.55.) The ALJ determined that, because Plaintiff presented new and material

evidence related to his impairments, she was not bound by the prior decision. (PageID.56.)

After determining that Plaintiff had not engaged in substantial gainful activity since his

alleged onset date of May 3, 2013, the ALJ found that Plaintiff suffered from the following severe

impairments: (1) degenerative disc disease of the lumbar spine; (2) migraine headaches; (3)

obesity; and (4) depression. (PageID.58.) At step three, the ALJ determined that Plaintiff does

not have an impairment or combination of impairments that meets or medically equals any

impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.48-52.) The ALJ considered listing 1.04, governing spine disorders, and listing 12.04, pertaining to mental disorders. The ALJ further considered the guidelines for obesity set forth SSR 02-1p and related refences thereto in the listings. Based on the record, the ALJ concluded that Plaintiff's impairments were not sufficiently severe to meet the requirements of those listings. (PageID.58–60.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b), subject to the following limitations:

> [H]e can occasionally push and pull with the bilateral upper extremities, but cannot push or pull with the bilateral lower extremities. The claimant must be able to change positions between sitting and standing every 15 to 20 minutes as needed. He can sit for six hours in an eight-hour workday, but he can stand and/or walk for two hours. The claimant cannot use foot controls. He can occasionally climb stairs, but never climb ladders. The claimant can occasionally balance, stoop, kneel, and/or crouch but can never crawl. He cannot perform overhead work, he can frequently reach in all other directions, and can frequently handle. The claimant must avoid environments with excessive vibration, dangerous machinery, and unprotected heights. He is limited to unskilled work with a simple routine (SVP 1-2) due to distractions from pain and medication side effects.

(PageID.60.)

The ALJ found that Plaintiff could not perform his past work. However, based on testimony from the vocational expert, the ALJ found that approximately 170,000 inspector, packager, and gate attendant jobs existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.64–65.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

**Discussion**

I.      **Plaintiff Waived His Appointments Clause Argument**

Citing *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), Plaintiff argues that the Court should remand this case to the Commissioner for hearing by a new and properly appointed ALJ.  In *Lucia*, the Court held that ALJs for the Securities and Exchange Commission had to be appointed to their office in compliance with the Appointments Clause of the United States Constitution.  *Id.* at 2049–55.  Plaintiff admits he never raised this issue at the administrative level.

In *Pugh v. Commissioner of Social Security*, No. 1:18-cv-78, 2018 WL 7572831 (W.D. Mich. Nov. 8, 2018), Magistrate Judge Carmody rejected an Appointments Clause argument made under the same circumstances present here—the plaintiff failed to raise it at the administrative level.  Magistrate Judge Carmody noted that the Court in *Lucia* held that Lucia was entitled to relief because he timely challenged the ALJ's appointment at the hearing on his case before the ALJ.  *Id.* at *1 (citing *Lucia*, 138 S. Ct. at 2055).  Magistrate Judge Carmody found persuasive other lower federal court decisions applying *Lucia* to Social Security Administration ALJ appointments and concluding that such challenges had merit only if the plaintiff raised the issue at the administrative level.  *Id.* (citing *Thurman v. Comm'r of Soc. Sec.*, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018); *Garrison v. Berryhill*, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); and *Davidson v. Comm'r of Soc. Sec.*, 2018 WL 4680327, at *1 (Sept. 28, 2018)).  In addition, in *Smith v. Saul*, No. 1:17-cv-01236, 2019 WL 4131740 (W.D. Tenn. Aug. 28, 2019), the court observed that, with the exception of a single district court, all district courts within the Sixth Circuit that have considered the issue have concluded that, under *Lucia*, a claimant waives an ALJ appointment issue by failing to timely raise it before the Social Security Administration.  *Id.* at *1.

The Court finds these decisions persuasive.  Plaintiff offers no reason why this Court should not reach the same conclusion as the overwhelming majority of district courts in the Sixth Circuit.  Social Security Ruling (SSR) 19-1p, 2019 WL 1324866, which Plaintiff cites, does not aid her cause:  it plainly states that "[w]e will apply this notice on March 15, 2019," *id.* at *1, almost one year after the Appeals Council completed its review of Plaintiff's claim.  Moreover, the ruling applies only if the claimant raises a timely challenge at the administrative level, *id.* at *3, which Plaintiff admits he did not do.

In addition, the Sixth Circuit's decision in *Jones Brothers, Inc. v. Secretary of Labor*, 898 F.3d 669, 679 (6th Cir. 2018), upon which Plaintiff relies, is distinguishable.  First, the Sixth Circuit noted that, while the petitioner did not actually raise the argument before the Federal Mine and Safety Health Administration (MSHA), it alerted the MSHA to the issue but did not press it.  Thus, the petitioner had forfeited the issue.  *Id.* at 678.  However, the court found a sufficient basis to excuse the forfeiture.  That is, the court noted an absence of legal authority as to whether the MSHA could entertain the claim.  *Id.* at 677.  In contrast to *Jones*, Plaintiff failed to alert the Social Security Administration to a possible Appointments Clause issue, so he waived, rather than forfeited, his argument.  *See United States v. Olano*, 507 U.S. 725, 733–34 (1993) (discussing the distinction between waiver and forfeiture).  In addition, the Social Security regulations contain a provision allowing a claimant to challenge a "provision in the law that [he] believe[s] is unconstitutional."  20 C.F.R. § 404.924(d).  Thus, by regulation, Plaintiff had an avenue to raise the issue before the Social Security Administration.

Although Plaintiff claims that he had no basis to challenge the ALJ's appointment because the Supreme Court did not decide *Lucia* until after the Appeals Council completed its review of Plaintiff's claim, "Plaintiff had access to the building blocks of an Appointment Clause challenge

long before [*Lucia*] existed." *Fitzgerald v. Berryhill*, No. 1:17-CV-00144, 2019 WL 1125666, at
*4 (W.D. Ky. Mar. 12, 2019). That is, *Freytag v. Commissioner*, 501 U.S. 868 (1991), which
provided the foundation of the Court's reasoning in *Lucia*, was decided in 1991. *Id.* In short,
"[b]ecause Plaintiff failed to make an argument or even note a split of authority pertaining to the
appointment of the ALJ at any point in the administrative procedure, the *Jones Brothers* holding
cannot be extended to the facts of the present case." *Page v. Comm'r of Soc. Sec.*, 344 F. Supp.
3d 902, 905 (E.D. Mich. 2018).

II.     **Substantial Evidence Supports the ALJ's Evaluation of Plaintiff's Subjective
        Complaints**

Plaintiff's back pain was his primary complaint of a disabling condition. Plaintiff argues
the ALJ failed to properly weigh the evidence when she found that Plaintiff's complaint of
disabling pain was inconsistent with the record as a whole.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment,
*may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984)
(emphasis added); *see also Grecol v. Halter*, 46 F. App'x. 773, 775 (6th Cir. 2002). As the relevant
Social Security regulations make clear, however, a claimant's "statements about [his] pain or other
symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see Walters v.
Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash
v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, a claimant's assertions of
disabling pain and limitation are evaluated pursuant to the following standard.

First, it must be determined whether the claimant has a medically determinable impairment
that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and
XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL
1119029, at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's

8

symptoms are evaluated to determine the extent to which they limit his ability to perform work-related activities. *Id.* at \*4-9. This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

As the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 F. App'x at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 F. App'x. at 801 (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations inconsistent with the record as a whole, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, the Sixth Circuit has observed that, in general, such "findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

In concluding that Plaintiff's claim of disabling pain was not supported by the record, the ALJ observed that Plaintiff "undoubtedly has problems related to his back and a long history of pain and treatment associated with the same." (PageID.62.) But the ALJ found that the evidence

did not support the level of pain that Plaintiff alleged, that is, pain so severe and consistent that it precluded an ability to work at all. In particular, the ALJ considered the medical evidence, Plaintiff's course of treatment, and his daily activities in determining the extent to which his symptoms limited his capacity to work. These were proper considerations pursuant to 20 C.F.R. § 404.1529(c)(2) and (3).

As for the medical evidence, the ALJ noted that the record was "scant," (PageID.61), but most of what was there generally revealed normal findings. On May 22, 2013, James Stubbart, M.D., an orthopedic physician, examined Plaintiff on referral from Plaintiff's primary care physician, Jeffrey Van Wingen, M.D. Plaintiff reported left leg and back pain, which had not responded to physical therapy. (PageID.453.) Plaintiff's treatment history included physical therapy, home exercises, and occasional use of Vicodin and muscle relaxers. Plaintiff had one injection at the pain clinic, which provided minimal relief. On examination, Dr. Stubbart noted that Plaintiff had a normal gait and posture, full strength and normal sensation, negative straight leg raises, no tenderness in the thoracic or lumbar spine, and right hip and bilateral knee range of motion within functional limits. (*Id.*) Dr. Stubbart advised against surgery, as there was no predictable option with significant benefits, and recommended that Plaintiff continue with home physical therapy, stretching, and use of over-the-counter anti-inflammatories. (PageID.454.) In August 2014, Dr. Van Wingen found that Plaintiff had normal sensation and reflexes. (PageID.361.) On March 31, 2015, Scott Lazzara, M.D., saw Plaintiff for a consultative physical examination. Plaintiff reported a history of back pain, migraines, depression, and radicular symptoms. (PageID.399.) On examination, Dr. Lazzara found no evidence of joint laxity, crepitance, or effusion. Plaintiff was tender over the facet joints on the right side at L3 through L5 and had mild lumbar straightening. Plaintiff had no trouble getting on and off the examination

or with heel and toe walking.  Plaintiff had full cervical range of motion and nearly full lumbar range of motion.  His grip strength, motor strength, and muscle tone were normal.  (PageID.401– 03.)  Plaintiff walked with a mild limp due to pain, but he did not need an assistive device and did "not appear to be actively declining."  (PageID.403.)   A June 30, 2015 physical examination reported mostly normal findings, including no back or leg pain.  (PageID.416.)  On June 27, 2016, Plaintiff reported to Dr. Vanwingen that he had no back or leg pain.  (PageID.436.)

As for Plaintiff's treatment, the ALJ noted that it had been "relatively routine and conservative in nature" (PageID.62), consisting of medical management and physical therapy.  *See Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 507 (6th Cir. 2013) ("In general, it is appropriate for the ALJ to consider a claimant's treatment (other than medication) in evaluating his or her symptoms and pain."); *Barnett v. Comm'r of Soc. Sec.*, No. 06-14430, 2008 WL 2945958, at *8 (E.D. Mich. July 29, 2008) (describing medication and physical therapy as "a conservative course of treatment").  Plaintiff argues that the ALJ improperly discounted his subjective complaints because Plaintiff did not undergo surgery or hospitalization.  (ECF No. 20 at PageID.500.)  But this argument mischaracterizes the ALJ's reasoning.  The ALJ simply made the point that Plaintiff's medical providers did not recommend surgery because they believed conservative treatment was the best approach.

Finally, the ALJ found Plaintiff's complaints of disabling pain inconsistent with his daily activities, which included stretching and strength training.  In February 2014, Plaintiff reported that he was going to the YMCA regularly to work on stretching and strengthening.  Dr. Van Wingen recommended that Plaintiff's exercise regimen include at least 30 minutes of aerobic exercise at least three times per week.  (PageID.362, 364.)  In March 2016 Plaintiff reported that he had "no complaints" and was still going to the gym "3-4 times per week."  (PageID.411.)

Plaintiff stopped going to the gym only because of financial reasons. (PageID.94–95.) The ALJ also noted that Plaintiff said that he went to his mother's house weekly for meals, attended church regularly, performed various household chores, and helped care for his young child. (PageID.62.) In 2015 Plaintiff reported to Dr. Lazarra that he would "occasionally hunt and fish." (PageID.399.)

Contrary to Plaintiff's argument, the ALJ did not rely on any one factor but instead considered all of the circumstances bearing on Plaintiff's subjective complaints. The ALJ's assessment was supported by substantial evidence and there is no basis to reject it.

### III. Substantial Evidence Supports the ALJ's RFC Finding

Plaintiff argues that the ALJ erred in her RFC finding by restricting Plaintiff to unskilled work with a simple routine "due to distractions from pain and medication side effects." (PageID.63.) Plaintiff asserts that the ALJ erred because even simple jobs "require that the persons performing them pay attention." (ECF No. 20 at PageID.500.)

The ALJ is charged with the responsibility of evaluating the medical evidence and the claimants testimony to form an "assessment of his residual functional capacity." 20 C.F.R. § 416.920(a)(4)(iv). The ALJ found that Plaintiff was moderately limited with regard to concentrating, persisting, or maintaining pace because of his pain and medication side effects and therefore limited him to simple and unskilled work. (PageID.59, 63.) Because the ALJ's finding of moderate limitations was supported by substantial evidence (PageID.407), her RFC limiting Plaintiff to unskilled work with a simple routine adequately accommodated such limitations. *See Hycoop v. Comm'r of Soc. Sec.*, No. 1:15-cv-795, 2016 WL 4500794, at *3 (W.D. Mich. Aug. 29, 2016).

Plaintiff fails to show error in the RFC finding.

**IV.    The ALJ Properly Discounted Dr. Van Wingen's Deposition Testimony**

Plaintiff presented Dr. Van Wingen's deposition transcript as medical opinion evidence. (PageID.440– 49.)  The deposition, conducted by Plaintiff's counsel, lasted approximately seven minutes.  The ALJ gave Dr. Van Wingen's testimony "little weight." (PageID.63.)  Plaintiff argues that the ALJ erred in failing to give Dr. Van Wingen's opinion controlling weight and by not properly applying the factors set forth in 20 C.F.R. § 404.1527(c) to determine how much weight to give it.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) the opinion "is not inconsistent with the other substantial evidence in the case record."  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).  That deference is appropriate, however, only where the opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citation omitted).  The ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence.  *See Cohen*, 964 F.2d at 528; *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must give "good reasons" for doing so.  *Gayheart*, 710 F.3d at 376.  Those reasons must be "supported by the evidence in the case record and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons

for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (citation omitted). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight it should be afforded. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to her assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 F. App'x 448, 450 (5th Cir. 2007).

> The ALJ gave the following explanation for discounting Dr. Van Wingen's testimony:
>
> The statements elicited from Dr. Wingen [sic] were largely the result of counsel's leading questions and Dr. Wingen [sic] volunteered very little information pertinent to the determination of disability herein. Further, much of the testimony concerning symptoms and limitations of the claimant was inconsistent with the doctor's own treatment notes which, as discussed above, show little more than mild to moderate abnormality.

(PageID.63.)

The ALJ's reasons for discounting Dr. Van Wingen's testimony were valid and supported by substantial evidence. The ALJ's description of Dr. Van Wingen's testimony as statements in response to counsel's leading questions was, for the most part, accurate. His answers often consisted of one or two words that were framed by the questions or merely echoed counsel's

statements. More importantly, Dr. Van Wingen cited little in the way of medical signs and laboratory findings to bolster his opinion that Plaintiff could not perform light and sedentary work. *See* 20 C.F.R. § 404.1527(c)(3) (stating that the Commissioner will give more weight to a medical source's opinion if it is supported by "relevant evidence . . . , particularly medical signs and findings"). Instead, Dr. Van Wingen's testimony was based largely upon Plaintiff's subjective complaints. And, the ALJ found the opinion inconsistent with Dr. Van Wingen's own treatment notes and other evidence of record. The ALJ did not err in citing these reasons for discounting Dr. Van Wingen's opinion. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (affirming ALJ's rejection of treating source opinions that were "inconsistent with the overall evidence of record" and based on the plaintiff's "reporting of her symptoms and her conditions").

Finally, the ALJ properly applied the factors set forth in 20 C.F.R. § 404.1527(c). While an ALJ must consider these factors, she need not provide "an exhaustive factor-by-factor analysis" in her decision. *Francis v. Comm'r of Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011). Here, the ALJ properly considered the factors relevant to her analysis and explained her reasons for applying them.

Thus, the Commissioner's decision was in accordance with applicable law and supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, the Commissioner's decision is **affirmed**.

An Order consistent with this Opinion will enter.

Dated: March 16, 2020       /s/ Sally J. Berens
                SALLY J. BERENS
                U.S. Magistrate Judge